UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YE SHEN,

          Plaintiff,

    v.

ASTELLAS GENE THERAPIES, INC.,

          Defendant.

Case No.  26-cv-04144-RS

**ORDER DENYING MOTION TO REMAND**

## I. INTRODUCTION

Pro se Plaintiff Ye Shen filed suit in state court against "Astellas, Inc." on April 29, 2025, seeking to sue her former employer, Defendant Astellas Gene Therapies, Inc. ("AGT"). After voluntarily accepting service despite the erroneously named defendant, AGT removed to state court. Shen moves to remand, arguing this court lacks subject matter jurisdiction and AGT's removal was procedurally improper. Finding both jurisdiction and proper removal, the motion is denied.

## II. BACKGROUND

Shen filed a wrongful termination complaint in San Mateo County Superior Court in April 2025, naming "Astellas, Inc." as the sole defendant. Shen then attempted service on the non-existent entity. On June 3, 2025, Shen served process on CSC (Corporation Service Company), the registered agent for service of process for AGT. CSC returned the summons and complaint to Shen because it was directed to an entity, "Astellas, Inc." which CSC did not represent. On June 11, 2025, Shen attempted substituted service on Morten Sogaard, CEO of AGT, again naming

only "Astellas, Inc." in the complaint.

Upon learning of the filing of the Complaint, AGT's counsel offered in July 2025 to accept service if Shen named AGT. AGT's counsel also specially appeared at a July 29, 2025 Case Management Conference ("CMC") in Superior Court to inform the court of the naming error and reiterate that it would accept service if Shen would change the name on the complaint. The minute order for the CMC  indicated "[n]o appearance by or for Defendant ASTELLAS, INC." and that "ASTELLAS GENE THERAPIES, INC. has not appeared yet so no [sic] there would be no service to specially appearing counsel." Dkt. 19-1, McInerney Decl., ¶ 5; Dkt. 19-6, McInerney Decl., Ex. 5. Over the following months, Shen refused to amend her complaint. Then, on April 27, 2026, Shen indicated her intent to file a request for entry of default against AGT. In light of those efforts, on May 4, 2026, AGT voluntarily accepted service of the complaint, and, two days later, removed the action from state court based on federal question jurisdiction. On May 31, 2026, Shen moved to remand. AGT opposes.

### III. LEGAL STANDARD

A defendant may remove any civil action to federal district court when that court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). District courts have subject matter jurisdiction over suits that present a federal question, involve parties with complete diversity of citizenship and at least $75,000 in controversy, or fall under maritime law. *See* 28 U.S.C. §§ 1331, 1332, 1333. The well-pleaded complaint rule requires looking to the face of the complaint to determine whether the claims arise under federal law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Federal courts may also exercise supplemental jurisdiction over certain state law claims "that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy" pursuant to 28 U.S.C. § 1367(a); *Campos v. W. Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1168 (N.D. Cal. 2005). State law claims are part of the same case or controversy when they share a " 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (quoting *Trs. of the Const. Indus. & Laborers Health & Welfare Trust v.*

United States District Court
Northern District of California

*Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)).

A defendant must remove the action within 30 days of being properly served with the initial pleading or summons. 28 U.S.C. § 1446(b)(1); *Quality Loan Service Corp. v. 24702 Pallas Way, Mission Viejo*, 635 F.3d 1128, 1133 (9th Cir. 2011) (finding that the 30-day period does not commence if service is not proper). A case may not be removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

The removing party bears the burden of showing removal is proper by a preponderance of the evidence. *Moore-Thomas v. Ala. Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A motion to remand is the proper vehicle to challenge removal, and doubts are resolved in favor of remand. *Jauregui v. Roadrunner Transp. Servs.*, 28 F.4th 989, 993 (9th Cir. 2022) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

### IV. DISCUSSION

#### A. Federal Question Jurisdiction

The complaint includes three claims under federal law. The eighth cause of action alleges violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, based on a coworker at AGT intentionally and maliciously accessing Plaintiff's computer. The fourteenth, fifteenth, sixteenth, and seventeenth causes of action allege violations of the Family and Medical Leave Act, 29 U.S.C. § *et seq.*. The eighteenth cause of action alleges violations of OSHA regulations, codified at 29 U.S.C. §§ 651–678. Federal question jurisdiction exists over these claims. 28 U.S.C. § 1331.

Supplemental jurisdiction exists over the remaining state law claims because they are part of the same case or controversy. Each claim relates to Shen's allegations regarding data falsification, government document falsification, harassment, retaliation, discrimination, wrongful termination, and FMLA violations at AGT during her time there as a research scientist. These claims share " 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (quoting *Trs. of the Const. Indus. & Laborers Health & Welfare Trust v. Desert Valley*

*Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)).

In short, federal question jurisdiction existing over the federal law claims and supplemental jurisdiction over the state law claims, removal was not jurisdictionally improper. Yet, the question then becomes, was it procedurally improper, thus warranting remand.

### B. Timely Removal

AGT argues that service was not accomplished until May 4, 2026, when it voluntarily accepted service, and that, since AGT filed a notice of removal two days later, its removal was well within the 30-day window required by § 1446(b)(1). By contrast, Shen argues that the action should be remanded because AGT's removal fell months after she attempted service in June 2025 and months after AGT's counsel made a special appearance at the July 29, 2025 CMC.

In *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, the Supreme Court addressed "whether [a] named defendant must be officially summoned to appear in the action before the time to remove begins to run[,]" or "the 30–day period [can] start earlier, on the named defendant's receipt, before service of official process, of a 'courtesy copy' of the filed complaint faxed by counsel for the plaintiff[.]" 526 U.S. 344, 347 (1999). The Court held that official service is required, explaining:

> We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service.*

*Id.* at 347–48. *See also Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1132–33 (9th Cir. 2011) (citing *Murphy Bros.* for the same).

"When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law." *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) ((citations omitted)). Process directed to "Astellas, Inc." does not constitute service on AGT because AGT is a separate entity that was not named in the Complaint.

*See Dill v. Berquist Constr. Co.*, 24 Cal. App. 4th 1426, 1438–39 (1994), *as modified on denial of reh'g* (May 26, 1994) (explain that "[a]gents are not fungible" and finding service improper for failure to "strictly comply" with service requirements in an analogous situation where summons were addressed solely to the corporations rather than a person to be served"). The state court minute order for the July 29, 2025 CMC supports this analysis.[1]

## V. CONCLUSION

For the foregoing reasons, the motion to remand is denied.

**IT IS SO ORDERED**.

Dated: July 2, 2026

_____
RICHARD SEEBORG
United States District Judge

United States District Court
Northern District of California

---

[1] Shen argues that AGT's delay in accepting service and subsequent removal are strategic gamesmanship. Even if it were, it does not bear on whether service was proper. Moreover, AGT's repeatedly demonstrated willingness to accept service if Shen corrected the named defendant support the inference that AGT was motivated not by gamesmanship but proper procedure and the avoidance of the risk of confusion caused by naming a non-existent defendant.