United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YE SHEN,

Plaintiff,

v.

ASTELLAS GENE THERAPIES, INC.,

Defendant.

Case No. 26-cv-04144-RS

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

## I. INTRODUCTION

Shen, proceeding *pro se*, has brought this action against her former employer, Astellas Gene Therapies, Inc. ("AGT"), sued herein as "Astellas, Inc."[1] erroneously. Shen alleges widespread data falsification, harassment, and work sabotage and retaliation from her supervisor after she returned from Family and Medical Leave Act ("FMLA") leave. Defendant moves to dismiss. For the reasons set forth below, Shen's claims are insufficient and dismissed.[2]

---

[1] Shen moves for reconsideration of this Court's order denying her motion for remand, Dkt. 24, in which this Court held that AGT's removal was not untimely in light of Shen's failure to name and serve AGT properly. Reconsideration is an extraordinary remedy and should not be granted "absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). Shen has not identified a material difference in fact or law from what was presented previously to this Court, new material facts or change of law occurring after the order denying remand was issued, nor a manifest failure by this Court. *See* Civ. L.R. 7-9(b). Accordingly, the motion for reconsideration is denied.

[2] Pursuant to Local Rule 7-1(b), the motion is suitable for disposition without oral argument. The hearing date for August 6, 2026 is vacated.

## II. BACKGROUND[3]

AGT recruited and hired Shen in 2021 as a science research associate. Shen understood she would be trained in mass spectrometry equipment by Liub Chii Yang but later discovered Yang did not have expertise or background in that regard.

Shen then began to train herself on such equipment. As Shen produced successful work, Yang took credit. Then, Bill Werner falsified Shen's 2022 performance reviews and that of Yang so that they both received "meets expectations," effectively inflating Yang's review at Shen's expense.

Shen also was passed over for a promotion that went to another employee, Sue Duan, despite her lack of relevant contributions. Shen alleges she was passed over due to her race, gender, and age as "an old Asian woman." Compl. ¶ 3. Duan replaced Werner in 2023 despite Duan's lack of mass spectrometry experience.

Shen and Yang worked alone together in a separate laboratory at 270 East Grand Avenue in South San Francisco because the mass spectrometry instruments required specialized infrastructure not available onsite with the rest of the team. Throughout 2023, Yang purportedly tried to sabotage Shen. Shen suspects that in April 2023, Yang secretly disconnected tubing in Shen's equipment and rerouted the tubing to waste, preventing Shen from obtaining meaningful data.

Shen also alleges that in June 2023 Yang interfered with one of Shen's technical support calls. She also alleges that in July 2023 Yang rearranged lab benches in violation of Occupational Safety and Health Administration ("OSHA") aisle-width requirements and then squeezed past Shen while she was on a stool handling corrosive acids, creating a safety hazard and intimidating Shen. Additionally, Shen asserts that Yang regularly and systematically loosened components of her lab equipment, causing leaks, turned off liquid nitrogen during important calibrations, and excluded Shen from training. Shen also believes that Yang accessed Shen's computer without

[3] Unless otherwise stated, this order accepts well-pled factual allegations made in the complaint and counterclaims as true.

authorization in November 2023 and deliberately caused an error that led to severe damage to instruments, damage which was attributed to Shen. Shen also alleges that Duan and Yang falsified data to create the appearance that the department was producing mass spectrometry results, including two studies.

Shen reported some of these incidents to Duan in November 2023, but AGT did not take any corrective action. Shen also reported complaints to her manager's manager, Josh Zibit, and AGT's Human Resources, Global Ethics and Compliance, and Information Technology teams. At the time, AGT was allegedly subject to a 5-year Corporate Integrity Agreement ("CIA") with the Office of Inspector General ("OIG"), with the final reporting period ending in late April 2024 and the final report due to OIG in late May 2024. Shen points out that despite reporting some of these instances in November 2023, AGT's Global Ethics and Compliance did not contact Shen until five months later, just before the CIA reporting deadline. Shen alleges that AGT did not seriously investigate the complaints. AGT informed Shen that it had not substantiated any of her allegations.

On April 17, 2024, the Information Technology department's Infosec team began investigating the communication error that had led to damage of equipment. On April 26, 2024, Duan called an unexpected meeting and allegedly yelled at Shen, telling her she could not start any experiments without consent of a different person, which was a new requirement. Duan also mandated daily attendance for the department but only came in one day per week until Shen inquired about her absence.

On April 30, 2024, Shen informed Duan she needed FMLA leave to care for her sick mother. On May 2024, Duan gave Shen a "partially meets expectations" performance rating, blaming Shen for various work failures which Shen alleges were senior scientist responsibilities that AGT improperly assigned to Shen, a senior research associate. Shen took leave from approximately May 28, 2024 through September 6, 2024. While Shen was on leave, AGT posted a Scientist II Analytical position allegedly intended to replace her, even though AGT had a hiring freeze in place.

When Shen returned, AGT placed her in a different role, no longer on mass spectrometry

work. She worked successfully in the new role but was asked by Duan to adjust her method to achieve a different data result, effectively falsifying data. Duan also yelled at Shen in a meeting for her inability to explain the difference between formic and phosphoric acid. Shen filed a second report with AGT's Global Ethics and Compliance team, based on the alleged data falsification request and FMLA retaliation. Shen was told that only the data falsification issue would be investigated.

On October 17, 2024, Duan offered Shen two options, a performance action plan or a separation agreement. Shen chose the performance action plan, but alleges she was set up to fail. Despite working successfully against the plan, Duan told Shen she was not working well since returning from FMLA and terminated her before the performance action plan deadline. Shen's last day at AGT was November 15, 2024.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the pleadings close but "early enough not to delay trial." Fed. R. Civ. P. 12(c). The legal standard governing a motion for judgment on the pleadings under Rule 12(c) is "substantially identical" to that governing a motion to dismiss under Rule 12(b)(6). *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). " 'A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true,' " there is no genuine issue of material fact in dispute and the movant "is entitled to judgment as a matter of law.' " *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (citation omitted); *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). In other words, the complaint does not allege sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Conclusory statements or formulaic recitations of the elements of a claim are not sufficient. *See Chavez*, 683 F.3d at 1108. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Assessing facial plausibility is a context-sensitive task that requires judicial experience and common sense. *Id.* at

679.

## IV. DISCUSSION

Shen's First and Second Claims for Relief for mass spectrometry data falsification in violation of research conduct for AT132 and KT430 gene therapies, respectively, lack a legal basis. No federal or state statute authorizes a private claim for "research conduct violations." Similarly, Shen's Third, Fourth, Fifth, Ninth and Tenth Claims for Relief for conspiracy are legally deficient because Shen alleges no underlying tort. *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510–11, 514 (1994).

Shen's Sixth Claim for Relief for falsification of government documents related to an alleged five-year corporate integrity agreement between AGT and the OIG fail as well because Shen has no private right of action to enforce terms of a contract to which she is neither a party nor a third-party beneficiary. The Seventh Claim for Relief for Sabotage of Laboratory Instruments fails because Shen has no legally cognizable claim for destruction of property that is not hers. The Eighth Claim for Relief for violation of the Computer Fraud and Abuse Act ("CFAA") fails at least because triggering a communication error does not constitute obtaining information from a protected computer under the CFAA and Shen does not allege a loss of at least $5,000. 18 U.S.C. §§ 1030(a)(2); 1030(c)(4)(A)(i)(I).

Shen's Eleventh Claim for Relief for discrimination under California's Fair Employment and Housing Act ("FEHA") fails for at least two reasons. Shen filed this lawsuit four months before obtaining a right-to-sue notice from the Civil Rights Department ("CRD").[4] Additionally, Shen's allegations are impermissibly conclusory. She alleges she was passed over for a promotion "presumably due to [her] race, gender, and age" as "an old Asian woman," Compl. ¶ 4, but identifies no other indication of discriminatory behavior at AGT against Shen or other employees based on race, age, or gender. For similar reasons, Shen's Nineteenth Claim for Relief for hostile work environment under FEHA fails. Shen alleges only interpersonal conflicts and disagreements,

[4] Defendant's Request for Judicial Notice is granted.

United States District Court
Northern District of California

not reaching the requisite level of severity nor attributability to AGT.

The Twelfth Claim for Relief for FEHA retaliation fails due to failure to exhaust administrative remedies and because it is based on reporting of activity that is not protected by FEHA. Shen's Thirteenth Claim for Relief for Labor Code § 1102.5 retaliation fails because the activity Shen alleges she reported, and for which she alleges she was retaliated against, is not a violation of a state or federal statute or regulation.

Shen's failure to obtain a CRD right-to-sue letter prior to filing suit bars her Fourteenth, Fifteenth, Sixteenth, and Seventeenth Claims for Relief to the extent they rely on California Family Rights Act ("CFRA") violations. Shen's Fourteenth, Fifteenth, Sixteenth, and Seventeenth Claims for Relief also assert FMLA violations. They are based on AGT's posting a new job listing during Shen's FMLA leave, reassigning Shen to high-performance liquid chromatography rather than mass spectrometry work upon her return, requesting she "cover up" certain data, and failing to pay wages. The Fourteenth, Fifteenth, and Sixteenth Claims for Relief fail because they do not reflect protected activity (i.e., posting a job, assigning an employee to different work and away from work they had previously expressed they were not set up to succeed doing, and requesting work be redone to obtain a certain result). Shen's Seventeenth Claim for Relief for unpaid wages fails because AGT is not required to apply accrued paid leave concurrently with statutory leave.

Finally, Shen's Eighteenth Claim for Relief for failure to comply with safety lab practices also fails. There is no private right of action for workplace safety violations under Cal/OSHA.

## V. CONCLUSION

In short, each of Shen's Claims for Relief is legally or factually deficient—or both. The extent of the deficiencies permeating Shen's claims show amendment would be futile. Accordingly, her claims are dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: July 27, 2026

RICHARD SEEBORG
United States District Judge